# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SCOTT LEWIS HASHEMIAN,

                Plaintiff,

      v.

UNITED STATES MARSHALS, UNKNOWN U.S. MARSHALS TRANSPORT OFFICERS,

                Defendants.

Case No. 3:18-cv-00286-TMB

## **AMENDED SCREENING ORDER**

On December 7, 2018, Scott Lewis Hashemian, a self-represented prisoner, filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C § 1983, with the Prisoner's Application to Waive Prepayment of the Filing Fee ("Motion to Waive Filing Fee").[1] Additionally, Mr. Hashemian filed a Civil Cover Sheet, a "Motion to Compel/or Release Video Footage of Incident on 10-22-18 by Anchorage Jail East Complex" ("Motion to Compel"), and "Notice of Motion."[2] Following this Court's Order dismissing the Complaint without prejudice for failure to state a claim on which relief may be granted, on April 30, 2019, Mr. Hashemian filed a First Amended Complaint ("Amended Complaint").[3]

---

[1] Dockets 1 (Complaint) & 3 (Motion to Waive Prepayment of the Filing Fee).

[2] Dockets 2 (Civil Cover Sheet), 5 (Motion to Compel), & 6 (Notice of Motion).

[3] Docket 9 (First Amended Complaint).

On July 2, 2019, this Court issued an Order Directing Service and Response certifying that he has plausibly alleged a claim under 42 U.S.C. § 1983 and instructions on how to perform service on his case.[4] On July 25, 2019, the United States requested leave to enter *amicus curiae*.[5] The United States raised concerns that Mr. Hashemian's claim was certified under 42 U.S.C. § 1983 in error, that if he did have a claim it would be under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (2017)* for an alleged constitutional violation caused by a federal actor. Additionally, the United States contested the recommended course of service provided by the Court's Order at Docket 10.

In response, the Court issued an Order permitting the United States to enter as an *amicus curiae* and asked the United States to brief the following questions, in light of the recent Supreme Court decision of *Ziglar v. Abbasi*, 582 U.S. \_\_\_, 137 S. Ct. 1843 (2017):

(1) Does Mr. Hashemian's claim, construed as a *Bivens* claim, allege a new context, and therefore require an extension of *Bivens*?

(2) What special factors, if any, counsel hesitation of judicial intervention in Mr. Hashemian's circumstances? and

---

[4] Docket 10 (Order Directing Service and Response).

[5] Docket 14 (Leave to Participate Amicus Curiae).

(3) Whether Mr. Hashemian's allegation present any cognizable claim under the Federal Tort Claims Act, 28 U.S.C. § 1346.[6]

The Government responded on October 11, 2019, and in sum, answered the Court's questions that: (1) Mr. Hashemian's allegations likely present a new context of *Bivens*; (2) there are alternative remedies and special factors counseling hesitation that the Court may need to consider; and (3) it is likely the Federal Tort Claims Act applies to both of Mr. Hashemian's claims, and that should he properly procedurally exhaust he may be able to amend his complaint to add two viable Federal Tort Claims Act claims.[7]

In light of this additional briefing, the Court now rescreens Mr. Hashemian's First Amended Complaint. In his first claim, Mr. Hashemian alleges that on October 22, 2018, at approximately 8:00 a.m., an unknown U.S. Marshal physically assaulted him in violation of his federal Fourth Amendment constitutional rights.[8] Mr. Hashemian alleges that he had been called to attend court and was waiting to be transported there from Anchorage Correctional Complex East. He alleges that

---

[6] Docket 15 (Order Granting in Part and Denying in Part Docket 14).

[7] Docket 17 (Amicus Curiae United States' Brief Regarding *Ziglar v. Abbasi* and the Federal Tort Claims Act).

[8] Docket 9 at 3.

one of the marshals ("Unknown Marshal #1") repeatedly said "I gotta search you," handcuffed him behind his back, and put him in "leg irons" face down on the floor.[9]

Mr. Hashemian further alleges that while on the ground, Unknown Marshal #1 pulled down his pants and underwear to his knees and physically groped his groin, genitals and buttocks with "jabbing motions."[10]

Mr. Hashemian asserts that this conduct was not "standard procedure" and it caused him physical and mental pain and that he sustained injuries. Mr. Hashemian alleges sharp pain in his genitals; wrist and ankle pain caused by the restraints cutting into his skin; bodily injury to his groin, penis and buttocks areas. Furthermore, Mr. Hashemian asserts mental anguish and "ever since . . . I'm scared to be around U.S. Marshals and transport officers."[11]

In his second claim, Mr. Hashemian alleges another unknown U.S. Marshal (Unknown Marshal #2) witnessed the events of Claim 1 but did not intervene or stop the physical and sexual assault by Unknown Marshal #1.[12] Mr. Hashemian alleges that Unknown Marshal #2 watched the assault and failed to respond to his yells for help.

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Docket 9 at 4.

For relief, Mr. Hashemian requests $1,000,000.00 in damages and $1,000,000.00 in punitive damages.[13] He also seeks an order requiring the defendants to "pay monetary funds for Fourth Amendment civil rights violation and punitive damages" and to "pay money for physical, mental, sexual, abuse, anguish caused by U.S. Marshals."[14]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[15]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] In conducting its

---

[13] Docket 9 at 8.

[14] *Id.*

[15] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[17] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[18]

## DISCUSSION

Mr. Hashemian seeks to bring a § 1983 civil rights action against two federal employees. Mr. Hashemian alleges that his Fourth Amendment right to be free from unreasonable search and seizure was violated by two U.S. Marshals through alleged acts of (1) assault and battery and (2) negligence.

Mr. Hashemian's allegations likely state violations of the Federal Tort Claims Act (FTCA). However, Mr. Hashemian has not exhausted his claims in accordance with the administrative procedure required by the FTCA. Therefore at this time, the Court lacks subject matter jurisdiction over any FTCA claims Mr. Hashemian may be attempting to raise. Once Mr. Hashemian has exhausted his administrative

---

are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[17] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[18] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

3:18-cv-286-TMB, *Hashemian v. United States Marshals, et al.*
Screening Order
Page 6 of 20

remedies directly with the U.S. Marshals Service, then he may submit these claims to the District Court, which at that time would likely establish subject matter jurisdiction to adjudicate his allegations under the FTCA.

As to his constitutional allegations, and in light of the recent Supreme Court decision in *Ziglar v. Abbasi*, it is questionable whether Mr. Hashemian can seek relief under the implied cause of action created by *Bivens* claims. In order for the Court to extend *Bivens* to Mr. Hashemian's claims, the Court must conduct a two-step analysis finding (1) if the allegations constitute a "new *Bivens* context," and if so, that (2) no "special factors" counseling hesitation would control or negate his claims. Due to the unsettled law surrounding his constitutional claims and the availability of alternative remedies under the FTCA (through the administrative process), the Court declines to make a decision as to whether a *Bivens* claim exists, in order that Mr. Hashemian may first pursue his administrative remedies under the FTCA. As a result, the Court will dismiss the action without prejudice, so that Mr. Hashemian may fully and properly seek administrative relief directly from the U.S. Marshals Service as required by the Federal Tort Claims Act. Should Mr. Hashemian not receive relief directly from the U.S. Marshals Service, then

Mr. Hashemian may revive his allegations by filing a new complaint with three possible claims:

(1) a claim under the FTCA against U.S. Marshal #1 for the torts of assault and/or battery;

(2) a claim under the FTCA against U.S. Marshal #2 for the tort of negligence; and

(3) a claim alleging a constitutional violation of his Fifth Amendment right to due process by a federal actor, Unknown U.S. Marshal #1, under *Bivens*. Accordingly, the Court hereby dismisses Mr. Hashemian's case and provides the following guidance for Mr. Hashemian to seek relief.

I. Federal Tort Claims Act

In general, the United States government, as well as its officers and agencies, are shielded from civil lawsuits under the doctrine of sovereign immunity.[19] This doctrine prevents private citizens from suing the federal government except in certain limited circumstances. As a result, federal courts do not have jurisdiction to hear cases brought against the United States, its officers, or its agencies, unless either (1) the federal government has agreed to the suit; or

---

[19] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

(2) sovereign immunity has been waived by an act of Congress.[20] Without such a waiver, Federal Courts must dismiss a suit against the federal government.

The FTCA is a federal statute that operates as a limited waiver of the United States' traditional sovereign immunity. Under the FTCA, private parties can bring certain civil suits against the federal government for monetary damages.[21] Specifically, the FTCA "waives the sovereign immunity of the United States" and allows lawsuits to proceed against the United States, its agencies, or its officers and employees "for certain torts committed by federal employees."[22]

However, the FTCA is limited in several ways. First, FTCA claims against federal government employees require that the named defendant(s) were "acting within the scope of his office or employment."[23] As defined in the FTCA, an "employee of the government" includes (1) "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."[24]

---

[20] *Id.*; *see also Lane v. Pena*, 518 U.S. 187, 192 (1996).

[21] *See* 28 U.S.C. §§ 2671 - 2680.

[22] *See Vacek,* 447 F.3d at 1250 (quoting *Smith v. United States*, 507 U.S. 197, 201 (1993) (emphasis omitted) (quoting 28 U.S.C. § 2675(a)).

[23] 28 U.S.C. § 1346(b).

[24] 28 U.S.C. § 2671.

Second, the FTCA "discretionary function exception" bars any FTCA claim where the conduct of the government employee at issue is "based upon the exercise or performance or failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused."[25] This means that in many cases, if the government employee is exercising "an element of judgment or choice" in taking action, and that judgment "involves considerations of social, economic, or political policy," if this exception applies a claimant cannot recover any damages.[26]

Third, FTCA claims can seek only money damages for the injury itself: no injunctive or equitable relief is available.[27] Any recovery is limited to compensation for the injury itself, and cannot include punitive damages.

And, last, in most cases the FTCA allows only tort claims for negligence; i.e., claims that assert an injury was "caused by the negligent or wrongful act or omission" of a government employee.[28] The only exception is that claims may be brought against law enforcement officers for certain intentional torts, including

---

[25] 28 U.S.C. § 2680(a).

[26] *See Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996) (citations omitted).

[27] *See Id*. Damages are available for "injury or loss of property, or personal injury or death" caused by the negligence of a government employee or employees. *Id.*

[28] 28 U.S.C. § 1346(b). For example, claims for most intentional torts, such as assault, are not within the scope of the FTCA. *See* 28 U.S.C. § 2680(h); *see also Sheridan v. United States*, 487 U.S. 392, 398 (1988).

assault, battery, and false arrest,[29] so long as those intentional torts occur within the scope of the defendant's employment.[30] This is known as the law enforcement proviso.[31]

Prior to initiating a lawsuit in federal court, however, an individual who seeks to recover money damages from the government under the FTCA must first raise their claims—i.e., "exhaust" their claims—with the appropriate federal agency.[32] To meet the exhaustion requirement, a claimant must first "present" the claim in a timely manner to the "appropriate Federal agency,"[33] otherwise, any lawsuit asserting those claims will be dismissed because "'[t]he requirement of an administrative claim is jurisdictional."[34] The federal district court lacks subject matter jurisdiction over any FTCA claim that has not been exhausted.[35]

---

[29] 28 U.S.C. § 2680(h). Specifically, claims against law enforcement officers may be brought for "[a]ny claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.*

[30] *See Millbrook v. United States*, 569 U.S. 50, 54–55 (2013).

[31] *Id.* at 52–53.

[32] 28 U.S.C. § 2675(a). Stating, "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant has *first* exhausted administrative remedies.

[33] 28 U.S.C. § 2675(a).

[34] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)). *See* 28 U.S.C. § 2401(b).

[35] FTCA claims that have not been exhausted must be dismissed, even if a plaintiff exhausts his administrative remedies with the federal agency while the FTCA lawsuit is

Each federal agency has a procedure for presenting FTCA claims, and claims must be presented with the agency in writing.[36] A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident."[37]

A tort claim must be presented to the appropriate Federal agency within two years of the date the injury occurred.[38] If the federal agency denies the claim, or takes no action within six months after receiving the claim, the claimant may then file a lawsuit challenging that decision in federal court.[39] If the claimant receives a denial, he must file a lawsuit within six months of the date the denial was mailed.[40]

---

pending but substantial progress in the litigation has not occurred. *See McNeil v. United States*, 508 U.S. 106, at 111–12 (1993). However, a plaintiff who prematurely files a complaint in federal court may amend the complaint to add an FTCA claim and the United States as a defendant after the administrative procedure is complete so long as the claim was not raised in the initial complaint. *See D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1245–46 (9th Cir. 2017); *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 854–58 (9th Cir. 2011).

[36] 28 U.S.C. § 2401(b).

[37] 28 C.F.R. § 14.2(a).

[38] 28 U.S.C. § 2401(b); *but see U.S. v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015) ("Section 2401(b) is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll [suspend] them on equitable grounds.").

[39] *See* 28 U.S.C. § 2675(a) (permitting liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

[40] 28 U.S.C. § 2401(b). *See also Ruchert v. Williamson*, No. 3:16-CV-00413-BLW, 2017 WL 3120267, at *2 (D. Idaho July 21, 2017) ("A court action cannot be instituted until the

The United States' liability under the FTCA mirrors the liability that a private person would have for the same conduct. To determine liability, the court will apply the tort law of the state where the injury occurred.[41] Thus, in this case, the FTCA allows recovery of damages under the laws of the state of Alaska.[42]

Mr. Hashemian alleges two tort claims against two federal employee defendants. With respect to Claim 1, for physical assault by a law enforcement officer, and Claim 2, for negligence, these claims are likely to be recoverable under the Federal Tort Claims Act. Mr. Hashemian may decide to pursue an intentional tort claim and a negligence claim through the FTCA administrative process asserting these allegations by filing a complaint with the United States Marshals Service.

Importantly, the Prison Litigation Reform Act has altered the FTCA for prisoners. No prisoner convicted of a felony "may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical

---

agency has either: (1) made a final denial in writing, or (2) failed to act within six-months after the administrative claim is filed.").

[41] *See FDIC v. Meyer*, 510 U.S. 471, 478 ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA.")

[42] *See Vacek,* 447 F.3d at 1250 (quoting *Smith v. United States*, 507 U.S. 197, 201 (1993) (emphasis omitted) (quoting 28 U.S.C. § 2675(a)).

injury."[43] This means that for Mr. Hashemian to recover for mental or emotional distress he will also need to show and prove physical injury.

### II. *Bivens* claims after *Ziglar v. Abbasi*

In 1971, in the groundbreaking case, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court of the United States held that an individual had an implied right of action to sue federal actors for violating federal constitutional rights. In *Bivens*, the Court approved Mr. Bivens' right to sue federal agents for damages for a violation of his Fourth Amendment rights, because he was improperly arrested without a warrant.[44] The *Bivens* case reasoned that "where legal rights have been invaded, . . . federal courts may use any available remedy to make good the wrong done."[45] In subsequent years, the Court further extended "*Bivens* claims" to allow for private causes of action for (1) gender discrimination under the Fifth Amendment in *Davis v. Passman*,[46] and for (2) a prisoner's claims that inadequate medical care amounted to an Eighth Amendment violation in *Carlson v. Green*.[47]

---

[43] 28 U.S.C. § 1346(b)(2).

[44] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[45] *Bivens*, 403 U.S. at 396.

[46] *Davis v. Passman*, 442 U.S. 288 (1979).

[47] *Carlson v. Green*, 446 U.S. 14 (1980).

However after these cases, the Court began restricting the use of *Bivens* claims.[48] Most notably in the recent case *Ziglar v. Abbasi*, the Supreme Court heavily cautioned against the use of implied *Bivens* actions and declared it to be a "'disfavored'" judicial activity.[49] The Supreme Court then rearticulated and firmly entrenched a two-step test that courts must apply when confronted with possible *Bivens* claims.

First, courts must determine whether a litigant's claim presents a "new *Bivens* context."[50] Effectively, this means that a Court must evaluate whether an alleged claim is under the Fourth, Fifth, or Eighth Amendment contexts as established in *Bivens*, *Davis*, and *Carlson* or alleges a new fact pattern or legal theory, which would require an extension of the *Bivens* framework. In order to evaluate whether a claim presents a "new *Bivens* context," a court must evaluate whether there are meaningful differences from the prior approved *Bivens* claims. Such meaningful differences may include: "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or

---

[48] *See Bush v. Lucas*, 462 U.S. 367 (1983); *FDIC v. Meyer*, 510 U.S. 471 (1994); *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001); *Wilkie v. Robbins*, 551 U.S. 537 (2007); *Minneci v. Pollard*, 565 U.S. 118 (2011).

[49] *Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843 at 1856-57 (2017).

[50] *Abbasi*, 137 S. Ct. at 1859-60.

emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."[51]

Second, if a "new *Bivens* context" is found, then a court must consider whether special factors exist that would counsel hesitation of court intervention.[52] Put plainly, a court must look to the pre-existing legal schemes and evaluate if and how Congress has, or has not, chosen to act regarding similar claims. Additionally, a court must consider if there are any alternative remedies or pathways for a litigant to seek relief.

Here, Mr. Hashemian has alleged that while he was a pre-trial detainee a U.S. Marshal violated his constitutional right to be free from unreasonable search and seizure under the Fourth Amendment. Under liberal construction, the Court acknowledges that Mr. Hashemian's claim would be properly brought under the Fifth Amendment as a violation of due process, because of his pre-trial detainee status. The Court notes that in *Ziglar v. Abbasi*, the Supreme Court remanded a similar claim and question as to whether *Bivens* should be extended to pre-trial

---

[51] *Id.*

[52] *See Id.* at 1859-69.

detainees who suffered physical abuse at the hands of detention staff.[53] Under this prong of the test, it appears that Mr. Hashemian's claim may facially meet the standards for a "new *Bivens* context."

In regard to special factors counseling hesitation, the Court recognizes that Mr. Hashemian has an alternative remedy available to him under the FTCA. Specifically, Mr. Hashemian may be able to (1) seek administrative relief directly from the U.S. Marshals Service; and in the event he does not receive relief and has properly exhausted his claim administratively, he may (2) file those tort claims directly with the District Court. Additionally, the Court notes that Congress passed the Prison Litigation Reform Act and could have established a right of action for such claims then but did not do so.[54] However while the Court recognizes the existence of these factors, neither is dispositive upon screening.

In the interest of justice, the Court declines to make a determination as to whether Mr. Hashemian alleges a claim which requires the Court extend the *Bivens* framework into a new context. As a pro se litigant, Mr. Hashemian should be given the opportunity to properly exhaust his alternative remedies that as a prisoner, he likely did not have access to understand, nor readily access from his incarcerated position. Accordingly, the Court dismisses Mr. Hashemian's action so

---

[53] *Id.* at 1869.

[54] *See* 42 U.S.C. § 1997(e) (codifying the "Prison Litigation Reform Act").

that he may exhaust his administrative remedies with the U.S Marshals Service as required by the FTCA.

III. Conclusion

For the reasons described above, Mr. Hashemian's action is **DISMISSED WITHOUT PREJUDICE**. The Court is sending a form which may assist Mr. Hashemian in initiating the FTCA administrative process to exhaust each of his FTCA claims against Unknown Marshal #1 and Unknown Marshal #2, but this Court encourages Mr. Hashemian to contact the U.S. Marshals Service in order to obtain the most up to date information about how to file an administrative tort claim.[55]

Should Mr. Hashemian not receive relief directly from the U.S. Marshals Service, then Mr. Hashemian may refile his complaint with the District Court for the District of Alaska with three possible claims: (1) a claim under the FTCA against U.S. Marshal #1 for the torts of assault and/or battery, (2) a claim under the FTCA against U.S. Marshal #2 for the tort of negligence, and (3) a claim alleging a

---

[55] Because Mr. Hashemian alleges two claims against employees of the U.S. Marshals Service, he must initiate the FTCA administrative process with the U.S. Marshals Service. According to their website a claimant may "present" a claim by following the instructions and mailing Standard Form (SF) 95, Claim For Damage, Injury, or Death to "U.S. Marshals Service, Office of General Counsel, Attn: OGC Torts Team (USMSTORTClaims@usdoj.gov) Building CG-3, 15th Floor, Washington, D.C. 20530-0001". Instructions and information can be found at www.usmarshals.gov.

constitutional violation of his Fifth Amendment right to due process by a federal actor, Unknown U.S. Marshal #1, under *Bivens*.

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. The Court recommends Mr. Hashemian exhaust his administrative remedies with the U.S. Marshals Service in accordance with the Federal Tort Claims Act. Mr. Hashemian should follow the guidance provided with this order and any instructions provided by Standard Form (SF) 95, Claim for Damage, Injury, or Death, or any other proper claim form as provided by the U.S. Marshals Service. The Court encourages Mr. Hashemian to contact the U.S. Marshals Service in order to obtain the most up to date information about how to file an administrative tort claim.[56]

3. If Mr. Hashemian does not receive relief from the administrative process, the Court invites him to refile his allegations within the appropriate timelines as

---

[56] Because Mr. Hashemian alleges two claims against employees of the U.S. Marshals Service, he must initiate the FTCA administrative process with the U.S. Marshals Service. According to their website a claimant may "present" a claim by following the instructions and mailing Standard Form (SF) 95, Claim For Damage, Injury, or Death to "U.S. Marshals Service, Office of General Counsel, Attn: OGC Torts Team (USMSTORTClaims@usdoj.gov) Building CG-3, 15th Floor, Washington, D.C. 20530-0001". Instructions and information can be found at www.usmarshals.gov.

established above. Mr. Hashemian is instructed to do so using the PS01 Prisoner Civil Rights Form that is provided with this Order.

4. The Clerk of Court is directed to send Mr. Hashemian the following forms with this Order: (1) Instructions for Submitting an Administrative Tort Claim with the United States Marshals Service; (2) Standard Form (SF) 95, Claim for Damage, Injury, or Death; and (3) PS01 Prisoner Civil Rights Form with an amended heading simply stating "Prisoner's Complaint."

DATED at Anchorage, Alaska this 11th day of December, 2019.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
United States District Judge